# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MIGUEL SANTANA-LOPEZ,**

        Petitioner,

  -vs-

        Case No. 03-C-546

**DANIEL BERTRAND,**

        Respondent.

## DECISION AND ORDER

### INTRODUCTION

This matter comes before the Court on Miguel Santana-Lopez's ("Santana-Lopez") petition for relief under 28 U.S.C. § 2254. Santana-Lopez is serving a 35-year prison sentence pursuant to a May 18, 1998 conviction for first-degree sexual assault of a child. Santana-Lopez claims (1) that his 14th Amendment due process rights were violated when he was denied the opportunity to testify regarding his offer to take DNA and polygraph tests; and (2) that his trial counsel was ineffective for failure argue the same.

The Court previously dismissed the petition as untimely, but then reinstated the petition pursuant to Santana-Lopez's motion for reconsideration. The Court also directed Santana-Lopez to consider not pursuing this petition until he exhausted the ineffective assistance claim, or in the alternative, to only pursue the due process claim. Santana-Lopez informed the Court that he would provide argument regarding his failure to exhaust the ineffective assistance claim, but if the Court removed the claim, he would proceed only on the due process claim. (September 12, 2003 Decision and Order, Docket # 9).

## STATE PROCEEDINGS

On direct appeal from his conviction, Santana-Lopez argued that his due process rights were violated when he was not allowed to testify regarding his offer to take DNA and polygraph tests. On May 9, 2000, the Wisconsin Court of Appeals remanded the case to the circuit court for further proceedings regarding the failure to admit such evidence. (Respondent's Answer, Exhibit H). On October 19, 2000, the circuit court held a hearing on remand and determined that the evidence was admissible and relevant and the exclusion of the evidence at the trial was error. However, the circuit court concluded that the error was harmless, and it denied Santana-Lopez's request for a new trial. (Respondent's Answer, Exhibit I). This decision was affirmed by the court of appeals on December 28, 2001. (Respondent's Answer, Exhibit B).

On February 5, 2002, the Wisconsin Supreme Court denied Santana-Lopez's motion to extend the time to file a petition for review. (Respondent's Answer, Exhibit C). On February 12, 2002, the Supreme Court dismissed Santana-Lopez's motion to reconsider. The Supreme Court wrote: "To the extent defendant-appellant is claiming his appellate counsel was ineffective in failing to timely file a petition for review, he may have a remedy by means of filing a petition for writ of habeas corpus pursuant to *State ex rel. Schmelzer v. Murphy*, 201 Wis. 2d 246, 548 N.W.2d 45 (1996)." (Respondent's Answer, Exhibit D).

On June 24, 2002, Santana-Lopez filed a petition for a writ of habeas corpus alleging that his attorney agreed to file a petition for review but failed to do so. (Respondent's Answer, Exhibit K). On September 4, 2002, the Wisconsin Supreme Court denied Santana-Lopez's petition. Santana-Lopez filed the instant petition on June 11, 2003.

**DISCUSSION**

Santana-Lopez has not provided any argument regarding the merits of his claims. Santana-Lopez has also failed to provide arguments which would justify his failure to exhaust his ineffective assistance claim. Upon review of the information provided by the state's answer, the Court concludes that Santana-Lopez's petition should be dismissed because his claims are procedurally defaulted.

A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848-49 (1999); *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999); *Momient-El v. DeTella*, 118 F.3d 535, 541 (7th Cir. 1997). A procedural default will bar federal habeas relief unless the petitioner can demonstrate both cause for and prejudice stemming from that default, *Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977), *or* he can establish that the denial of relief will result in a miscarriage of justice, *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). Cause for a default is ordinarily established by showing that some type of external impediment prevented the petitioner from presenting his federal claim to the state courts. *Id.* at 488, 492. Prejudice is established by showing that the violation of the petitioner's federal rights "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). In order to show, alternatively, that a miscarriage of justice would result if habeas relief is foreclosed, the petitioner must show that he is actually innocent of the offense for which he was convicted, *i.e.*, that no reasonable juror would have found him guilty of the crime but for the error(s) he attributes to the state court. *Schlup v. Delo*, 513 U.S. 298, 327-29 (1995).

Santana-Lopez procedurally defaulted his ineffective assistance claim by failing to raise it in any of his avenues for post-conviction relief in the state courts. While Santana-Lopez's due process claim was brought before the court of appeals on direct appeal, his petition to the Supreme Court was rejected as untimely filed. To avoid procedural default, a petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory. *Boerckel*, 526 U.S. at 845. To the extent that the failure to timely present the petition to the Supreme Court can be attributed to Santana-Lopez's counsel, such failure by counsel is insufficient to establish cause. There is no constitutional right to competent counsel in a discretionary appeal. *See Buelow v. Dickey*, 847 F.2d 420, 426 (7th Cir. 1988), *cert. denied* 489 U.S. 1032 (1989) (appellate counsel's failure to seek discretionary review by the state supreme court of petitioner's conviction cannot constitute "cause" for the procedural default); *see also Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991) (ineffective assistance of counsel can constitute cause to excuse a procedural default only if the petitioner had a constitutional right to counsel in the proceeding in which default occurred).

Furthermore, nothing in any of the submissions received by the Court suggests that Santana-Lopez was prejudiced by the alleged due process/ineffective assistance of counsel claims, nor is there anything to suggest actual innocence. The procedural default cannot be excused.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Santana-Lopez's petition for relief under 28 U.S.C. § 2254 is **DENIED**; and

2. This matter is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 19th day of September, 2006.

        **SO ORDERED,**

        **s/ Rudolph T. Randa**
        **HON. RUDOLPH T. RANDA**
        **Chief Judge**